## GEORGE W. BURKE *vs.* CHARLES A. MILLER.

A conditional judgment on a writ of entry to foreclose a mortgage is conclusive evidence between the parties of the validity of a promissory note the amount of which is thereby found to be due from the defendant to the plaintiff on the mortgage; especially if the same grounds of defence were taken in that action as are now taken in an action on the note.

Under *St.* 1852, *c.* 312, § 19, which authorizes the plaintiff to file a replication to any new matter in the answer, at any time before trial, the plaintiff may, after one trial at which the jury disagreed, file a replication at any time before another trial.

ACTION OF CONTRACT, brought at October term 1851 of the court of common pleas, upon a promissory note payable to Elbridge Hazen or bearer. Answer, " that the defendant was constrained to give the note by threats and fear of a prosecution for larceny; and that the consideration of the note was the staying and withholding a prosecution for larceny, which the payee of the note had caused to be commenced against the defendant, and which was stayed and withheld from the day of the date of said note to the present time; and that the note came into the hands of the plaintiff under such circumstances as to entitle the defendant to this ground of defence."

A trial was had at the first term, and resulted in a disagreement of the jury. The plaintiff, at March term 1854, without order of court, filed a replication, alleging that on the 17th of May 1850 he sued out a writ to foreclose a mortgage given by the defendant to secure five notes, of which the note now in suit was one, which writ was duly entered, and to which the defendant pleaded the general issue, and specified in defence, " 1st. That said mortgage was without consideration; 2d. That it was obtained by fraud; 3d. That it was obtained to compound an alleged felony and crime; 4th. That it was obtained by duress and threats;" and upon a trial the jury returned a verdict for the plaintiff, and such proceedings were had that afterwards at April term 1852 of the supreme judicial court a conditional judgment was rendered in favor of the plaintiff for the amount of the note in suit and of another note described in the mortgage; (as appeared by a copy of the judgment;) and the

amount of said judgment not having been paid, on the 7th of July 1852, a writ of possession was issued and duly served, and the plaintiff took possession of the premises for condition broken.

Trial in the court of common pleas at May term 1854, before *Mellen*, J., who signed the following bill of exceptions: " The plaintiff contended that the judgment in the former action estopped the defendant from setting up the defence set up in the answer filed in this action. The defendant objected to the replication being considered by the court, because not properly in the case. The judge ruled that the defendant was not so estopped, and therefore the plaintiff excepted. If the ruling is sustained, or if the plaintiff was not entitled to file his replication at the time when it was so filed, as matter of right, the case is to stand for trial, otherwise the defendant is to be defaulted."

*W. G. Bates*, for the plaintiff.

*N. T. Leonard*, for the defendant.

MERRICK, J. It was held at the trial in the court of common pleas, that the defendant was not estopped, by the judgment recited in the replication, to avail himself, in defence to the present action, of the several matters stated in his answer. This ruling was erroneous, if the question here in controversy arose and was the subject of adjudication in the former suit; for it is an established principle in the administration of justice, that a matter once litigated and determined between the parties, in a court of competent jurisdiction, is forever afterwards to be considered as conclusively settled and at rest. *Bigelow* v. *Winsor*, 1 Gray, 301. *Foote* v. *Gibbs*, 1 Gray, 413.

The plaintiff alleges that the defendant owes him the amount of the promissory note of which a copy is annexed to the declaration. This is denied by the answer, which sets forth, as facts in avoidance of the action, that the note, though made and signed by the defendant, was extorted from him by duress, and was given for an illegal consideration. Upon these averments, the parties are at issue in relation to the alleged indebtedness of the defendant; the precise question between them being whether there is any thing due to the plaintiff upon the note declared on.

The same question was involved, and must have been determined, in the former suit. That was an action brought by the plaintiff, as mortgagee, to recover of the defendant, as mortgagor, possession of the mortgaged premises, for the purpose of foreclosing his right of redemption. In all such cases, it is made, by the express provisions of the statute, the duty of the court to inquire and determine how much is due to the plaintiff upon the mortgage ; and thereupon judgment is to be entered, that if the defendant shall, within the next succeeding two months, pay to the plaintiff what is so found due to him, the mortgage shall be void ; otherwise execution shall be had for possession of the premises. Rev. Sts. *c.* 107, § 5. If nothing is found due, the plaintiff can have no judgment. Thus it has been held, that payment of the debt is a complete defence to an action on a mortgage given to the payee as collateral security ; for as the mortgagee has no right to hold the estate conveyed, except as a substitute for, or as a means of obtaining, the money to which he is entitled, when the debt has been discharged, and he ceases to be a creditor, there is no longer any basis upon which the claim of possession can be supported. *Wade* v. *Howard,* 11 Pick. 289. *Holman* v. *Bailey,* 3 Met. 55. Upon examination of the conditional judgment which was rendered in the former suit, it appears that the court did then determine that the amount of the note declared on in the present action was due to the plaintiff. The real question of indebtedness, therefore which is now in issue between the parties, was not only involved in the former suit, but was in fact made the subject of an actual adjudication.

But not only was the general question of the indebtedness of the defendant to the plaintiff, upon the note now declared on, embraced and determined in the former suit; but the precise ground of defence set up in this action was also set up and insisted upon in that. The extortion complained of, and the asserted illegality of the consideration of the note, were both specially assigned, as reasons why the plaintiff should not recover possession of the mortgaged premises ; and they are repeated now, as reasons why the present action should not be maintained

upon the note. The questions presented in the allegations and answers in the two actions are, in reference to these reasons, urged in both of them as special grounds of defence, precisely the same. The judgment in the first suit covered the whole ground, and was not, as was intimated in the argument for the defendant, founded upon any merely collateral matter, but upon the real point in controversy between the parties. It was there- fore conclusive upon them both; and the defendant was thereby estopped from again availing himself of the grounds of defence upon which he then insisted.

Where new matter is contained in the answer in avoidance of the action, the plaintiff is authorized by the provisions of the statute to file a replication to it at any time before trial. We think the plaintiff seasonably availed himself, in the present case, of that privilege. *St.* 1852, *c.* 312, § 19. The first trial having proved wholly ineffectual, by reason of the disagreement of the jury, none of the rights of the parties were in any degree affected by it; and the action stood thenceforward to be pro- ceeded with as if nothing of that kind had taken place. Indeed, the former judgment could not have been set forth in a replica- tion filed before the former trial; for it had not then been ren- dered. The defendant's objection to the replication should therefore be overruled.                    *Exceptions sustained.*